IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



SUNDARI K. PRASAD,

    Plaintiff,

v.    Civil Action No. 3:17CV40

HAMILTON L. HENDRIX, *et al.*,

    Defendants.

## MEMORANDUM OPINION

Plaintiff, a Virginia inmate proceeding *pro se* and *in forma pauperis*, submitted this civil action. On her own initiative, Plaintiff filed a Particularized Complaint. (ECF No. 12.) However, in her Particularized Complaint, Plaintiff failed to allege facts sufficient to support a viable claim under 42 U.S.C. § 1983[1] against each listed defendant, and failed to comply with Federal Rules of Civil Procedure 18(a) and 20. Accordingly, by Memorandum Order entered on July 21, 2017, the Court directed Plaintiff to submit a second particularized complaint within fourteen (14) days of the date of entry thereof. (ECF No. 13.) The Court warned Plaintiff that the failure to submit the second particularized complaint would result in the dismissal of the action. (*Id.* at 3.)

---

[1] That statute provides, in pertinent part:

    Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

Instead of a second particularized complaint, on July 28, 2017, the Court received a Motion for Appointment of Counsel from Plaintiff. (ECF No. 15.) By Memorandum Order entered on August 2, 2017, the Court denied Plaintiff's Motion for Appointment of Counsel and ordered her to file her second particularized complaint within eleven (11) days of the date of entry thereof. (ECF No. 16, at 1–2.) The Court again warned Plaintiff that the failure to submit the second particularized complaint would result in the dismissal of the action. (*Id.* at 2.)

Again, instead of a second particularized complaint, on September 5, 2017, the Court received a letter from Plaintiff wherein she requests the Court "update [her] on the status of [this] case." (ECF No. 17, at 1.) By Memorandum Order entered on September 19, 2017, the Court advised Plaintiff that she must file her second particularized complaint within eleven (11) days of the date of entry thereof or else the action will be dismissed without prejudice.

On September 26, 2017, the Court received a letter from Plaintiff instructing the Court to remove certain defendants from her original particularized complaint. (ECF No. 20, at 1.) On September 29, 2017, the Court received from Plaintiff an "Addendum to Particularized Complaint." (ECF No. 21, at 1.) This Addendum lists a different group of Defendants from her original Complaint, or her Particularized Complaint, and indicates that she is "explicating a bit better–please add to Part. Complaint." (*Id.* at 1.) Plaintiff has failed to comply with the directives of the Court in its July 21, 2017 Memorandum Order. The Court has provided Plaintiff with several opportunities to file a second particularized complaint well beyond the fourteen days allotted by the July 21, 2017 Memorandum Order and Plaintiff simply refuses to do so. Although Plaintiff's *pro se* status makes her "entitled to some deference," it does not relieve her of her duty to abide by the rules and orders of this Court. *Ballard v. Carlson*, 882 F.2d 93, 96 (4th Cir. 1989) (citation omitted). Plaintiff has refused repeatedly to comply with the

Court's directives in this action.[2] Accordingly, the action will be DISMISSED WITHOUT PREJUDICE.

An appropriate order will accompany this Memorandum Opinion.

/s/
M. Hannah Lauck
United States District Judge

Date: 10-26-17
Richmond, Virginia

---

[2] Plaintiff has engaged in a pattern of refusing to follow the directives of the Court. *See, e.g., Prasad v. Judge M. Hannah Lauck*, No. 3:17CV42 (E.D. Va. Sept. 14, 2017), ECF Nos. 17, 18; *Prasad v. Chesterfield Village Apts*, No. 3:16CV898 (E.D. Va. June 9, 2017), ECF Nos. 13, 14; *Prasad v. Vick*, No. 3:16CV40, 2017 WL 1091785, at *1–4 (E.D. Va. Mar. 22, 2017), *appeal dismissed* 686 F. App'x 156, 156 (4th Cir. 2017).